UoBifBLOWER, C. J.,
concurred.. Ford, J., absent.
White, J.
A verdict in this cause, was by agrément of the parties, rendered for the plaintiff, subject to the opinion of the Supreme Court, on the matters stated in the case. By which it appears, that both parties claim title under one James Bowne, who, in his lifetime, was seized in fee of the premises in question ; and died so seized, about the 13th day of July, A. D., 1828, without issue, leaving Priscilla Bowne his widow and devisee, him surviving.
James Bowne by his will, bearing date on the 27th day of *212 February, 1827, duly made, published and executed to pass real estate, devised and directed in manner and form following, that is to say: First, that it is my will and I do order that all my just debts and funeral expenses be paid or settled by my executor.
Item. “I give and bequeath unto my beloved wife Priscilla Bowne, all my real, estate and personal property, to have, hold and enjoy forever, for the free use of her and no other person, excepting by her assignment or will.” And by the said will and testament, he appointed the said Priscilla, his sole executrix of his said will; and on the 13th day of July, 1828 died seized of the premises in question, without revoking or in any way altering his said will; and without issue, leaving the said Priscilla, his widow and devisee and legatee, him surviving.
That Priscilla as devisee under the said will, took possession of the premises in question, aud continued in the possession thereof until her death. She died on the 25th day of December, 1834, without issue, and intestate, and had not in her life-time sold, assigned or in any way disposed of the said premises so devised to her by the will of her husband.
Samuel, Henry, Hannah and Thomas Boulton, the lessors of the plaintiff, are the only brothers and sister of the said Priscilla Bowne, of the whole blood, and all the heirs at law of the said Priscilla: and as such they claim the premises in question in this suit.
The defendant Thomas Bowne, is the brother and heir at law of the said James Bowne the testator; and on the death of Priscilla Bowne, the widow and devisee of the said James, he took the possession of the premises devised to Priscilla; and claims to hold them as such heir.
The only question submitted to the court arises out of the will of James Bowne the testator and husband of Priscilla, the only devisee and legatee, and sole executrix named in that will.
James was at the time of making the will seized in fee of the premises in question, and by his will he gave and bequeathed to his wife Priscilla, all his real and personal estate, to have, hold and enjoy forever, for her free use and for the use of none other, except by her assignment or will.
Lord Mansfield says, no technical words are necessary in a will. If the testator makes use of what is tantamount, as if he *213 says, “I give in fee simple, or all my real estate, that will carry all his interest in the land devised, and will pass a fee, if testator have a fee in the premises.” Den v. Gaskin, Douglas 659; vid. Harrison’s Dig. 2202.
If a man devises all his estate, it comprehends all that he has ; for the word estate is genus generalissimum, and includes all things real and personal. Vid. 1 Salk. 236-7, Gountess of Bridgwater’s ease.
Holdfast Ex Dem. Cowper v. Marten et al. 1 D. and E. 411. This was an ejectment where a verdict was found for the plaintiff, subject to the opinion of the court on a case stated, by which it appeared that one Spooner being seized &c. by his will, devised as follows : “ I give and bequeath to Mrs. Marten, daughter of my late uncle Ur. Benjamin, my estate at Braywick Birks,” and after giving several legacies, the will proceeds thus : “ after these legacies, I give and bequeath all the rest of my effects, furniture, estates real and personal, or all the rest I may have and leave at the time of my death, to my nephew Joseph Cowper.” Cowper was appointed Executor of the will, and was the lessor of plaintiff in the case. After the death of Spooner, (the testator,) Mrs. Marten the devisee entered and died seized. The defendant came in, and claimed under her title. The lessor Joseph Cowper, claimed under the devise to him, in the said will, as above recited.
The question reserved for the opinion of the court was, whether the lessor was entitled to recover, and it was adjudged by the court, that he was not, but that the testator intended to give his whole estate in Braywick to Mrs. Marten, and the postea was delivered to the defendants.
In Tanner v. Wise, 3 P. Williams, 296 : Testator disposed of-all his temporal estate as follows: he directed his debts to be paid, and disposed of some small legacies; and as to all the rest of his estate, goods and chattels whatsoever, real and personal, he gave to his wife, who he made his executrix. He died seized of lands in fee simple; and on a bill filed by the heir at law against the widow, Lord Chancellor Talbot decided, that by the will, all the real estate of testator, passed to the widow and her heirs.
*214 In Gilbert on Devises, 36. If lands are devised to A. and his. assigns forever, it is a devise in fee.
Same, 19. If one devise to A. and his assigns forever or to A. to give, sell or do what he pleases with it, this conveys a fee.
Gilbert on Devises, 133. If A. devises to his wife, his whole estate; she paying debts and legacies, debts being twenty pounds, personal estate five pounds, adjudged that the wife took a fee simple, by the words whole estate. Vid. 1 Mod. 100; 6 Mod. 107. The word estate, will pass a freehold as well as a chattel.
Estate implies a fee simple; for that is the general estate which every man is supposed to be seized of. It is true that an estate for life is an estate; but it is with an addition, lb. 109.
A devise to a man to dispose of at his will and pleasure, is a fee. lb. 111.
In the case now before the court, the premises in question are devised to Priscilla Bowne, by the words, “ all my real and personal estate to hold and enjoj forever for her own free use;” and she is charged with payment of debts and funeral expenses and it does not appear by the state of the case, that there was any personal estate.
I am of opinion, that Priscilla Bowne took under the will of her husband, an estate in fee, and this being the only question submitted to the court by the case, I think judgment should be entered for the lessors of the plaintiff with costs.

Judgment for plaintiff.